## HARPSTER v BIG FOUR COAL CO
## HARPSTER v VAIL

Ohio Appeals, 6th Dist, Lucas Co
Nos. 2327 & 2328. Decided March 31, 1930

Tracy, Chapman & Welles, Toledo, for Harpster.

Marshall, Melhorn, Marlar & Martin, Toledo, for Coal Co and Vail.

**WILLIAMS, J.**

In our opinion the petition in the Vail case is demurrable for the reason that the only request for the statement of profit and loss and balance sheet was made by the plaintiff from The Big 4 Coal Company. There is no allegation in the petition to show that the defendant Vail ever had any knowledge that a request had been made of the corporation. He could hardly be personally liable for a penalty until he was aware that a shareholder desired a statement and balance sheet and a request made

upon the corporation would not be a request upon one of its officers, at least without knowledge by such officer that such request had been made. The petition in the Vail case, as amended, was therefore fatally defective.

In The Big 4 Coal Company case there is no claim made that the amended petition does not state facts sufficient to constitute a cause of action, if 8623-127, GC., is constitutional. The contention made by defendant in error, however, is that this section is unconstitutional for the reason that it is so excessive as to penalties that it denies equal protection of the laws and deprives the defendant in error of its property without due process of law. Many cases have been cited but they are not very helpful, as none of them involves the exact question presented here. It is not contended that penalties may not be imposed to compel the performance of duties on the part of a corporation, providing such imposition does not deprive the corporation of its constitutioanl rights. If the penalties are reasonable and not excessive, the claim as to unconstitutionality must fail. Counsel for defendant, in their brief, use the following language:

> "It is the possibility of excessive penalties, and not their actuality, that denies equal protection. It is enough if the penalties threaten great financial loss. Thus a corporation, doubtful of the intended scope of the statute, which failed to mail statements to one thousand shareholders, would immediately be subject to a penalty of $100,000.00 plus $10,000.00 for each day thereafter, all of which, at the end of the statutory period of one year allowed by Sec. 11225, GC., for bringing action on a penalty, would amount to $3,750,000.00. A holder of one share would likewise recover about $3,750.00."

One answer to this contention is that the penalty can easily be avoided by mailing the statement. The penalty must be large enough to compel the performance of the duty and we can easily imagine a case where a penalty of only a dollar a day would run into figures greater than those used in the illustration. Many of the great corporations have more than a hundred thousand shareholders, and if such corporation should fail to mail statements on request to 20,000 shareholders, the aggregate penalty at the end of the year at $1.00 a day would amount to $7,300,000.00. It is thus apparent that no matter how small the penalty, the total amount recoverable will be large if a large number of requests for statements are not complied with. The corporation laws of this state require publicity so far as shareholders are concerned, and the General Assembly may make the penalty sufficient to secure that publicity. In our judgment it does not exceed such amount as is well calculated to require the performance of the duty imposed and require it with reasonable promptness. The statute is not in contravention of the constitutional provisions referred to and the amended petition in The Big 4 Coal Company case, therefore, stated a good cause of action.

For the reasons given the judgment in the Vail case will be affirmed and the judgment in The Big 4 Coal Company case will be reversed with directions to overrule the demurrer and for further proceedings according to law.

LLOYD and RICHARDS, JJ., concur.